F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 17 2017   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DWAYNE MYRICK,                                          :

                            Plaintiff,                 :

                                                       :   **ORDER**
            -against-                                  :   16-CV-0512 (JFB) (GRB)

                                                       :
KEITH WEINBERG, ET AL.,                                :

                            Defendants.                :

                                                       :
-------------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation dated June 19, 2017 (the "R&R")

from Magistrate Judge Gary R. Brown recommending that the Court dismiss this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The R&R instructed that

any objections to the R&R be submitted within fourteen (14) days of service of the R&R, which

was effected by Judge Brown by publication via the Court's Electronic Filing System.  (*See*

R&R.)  The date for filing any objections has since expired, and plaintiff has not filed any

objection to the R&R.  For the reasons set forth below, the Court adopts the R&R in its entirety

and dismisses plaintiff's complaint.

Where there are no objections, the Court may adopt the report and recommendation

without *de novo* review.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that

Congress intended to require district court review of a magistrate's factual or legal conclusions,

under a *de novo* or any other standard, when neither party objects to those findings."); *see also*

*Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear

notice of the consequences, failure timely to object to a magistrate's report and recommendation

operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. §

636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court

directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25,

2007) (citations omitted).  A district court contemplating dismissal of a plaintiff's claim for

failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had
> notice that such conduct would result in dismissal; 3) whether prejudice to the
> defendant is likely to result; 4) whether the court balanced its interest in managing
> its docket against plaintiff's interest in receiving an opportunity to be heard; and
> 5) whether the court adequately considered the efficacy of a sanction less
> draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).  In deciding

whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't*

*of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458,

461(2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion

of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal

requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff has failed to comply with multiple orders issued by Judge Brown directing

plaintiff to file a status report, including orders issued on April 21, 2016, June 16, 2016, and

October 18, 2016.  The October 18, 2016 Order gave plaintiff a final opportunity to prosecute the

case and directed him to file a status report by November 18, 2016.  Plaintiff was warned in that

Order that failure to respond would result in a recommendation to this Court that the case be

dismissed for failure to prosecute.  Despite that warning, plaintiff failed to file a status report, nor

has he otherwise communicated with Judge Brown or with this Court.  Plaintiff's failure to

comply with multiple orders and to otherwise communicate with the Court is prejudicial to

defendants, who bear the costs and burdens of having this open civil litigation, and also

contributes to calendar congestion.  In short, having conducted a review of the full record and the

applicable law, and having reviewed the R&R *de novo*, the Court adopts the analysis and

recommendation contained in the R&R in their entirety.

The Court dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure.  The Clerk of the Court shall close the case.

SO ORDERED.
s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated:  July 17, 2017
        Central Islip, New York